NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE RAUL SOSA, JR.,

    Plaintiff,

v.

ST. FRANCIS HOSPITAL, et al.,

    Defendants.

Civil Action No. 14-1736 (FLW)

OPINION

APPEARANCES:

    JOSE RAUL SOSA, JR., #267409C
    East Jersey State Prison
    1-R-53 Lock Bag R
    Rahway, NJ 07065
    Plaintiff *Pro Se*

RECEIVED
MAR 27 2014
AT 8:30_____M
WILLIAM T. WALSH CLERK

**WOLFSON, District Judge**:

Jose Raul Sosa, Jr., who is confined at East Jersey State Prison in New Jersey, seeks to file a Complaint asserting malpractice claims against St. Francis Hospital and Dr. Rajiv K. Shah, the physician who performed surgery on Plaintiff. This Court will grant Plaintiff's application to proceed *in forma pauperis*. For the reasons expressed in this Opinion, and as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the Complaint.

**I. BACKGROUND**

Plaintiff asserts the following facts, which this Court is required to regard as true for the purposes of this review. He alleges that on January 23, 2012, while he was presumably incarcerated at East Jersey State Prison or another state facility, Dr. Shah performed surgery on him at St. Francis Hospital to remove a hernia. Plaintiff asserts that, although the hernia was

located on his lower right abdomen, the scar from the surgery is located above his navel. He further alleges that he "ha[s] no idea what took place during surgery but the hernia still remains." (Complaint, ECF No. 1 at 4.) Plaintiff "believe[s] that Dr. Rajiv K. Shah[,] MD[,] removed tissue unrelated to my hernia by mistake. I'm suing for malpractice." *Id.* at 5. For relief, he seeks $150,000 for physical disfigurement and $1.5 million in compensatory and punitive damages. *Id.* at 6.

## II.  STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A(a) because Plaintiff is a prisoner within 28 U.S.C. § 1915A(c) and he "seeks redress from a governmental entity."

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1],

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.   <u>Federal Jurisdiction</u>

Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2] To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

3

The problem with Plaintiff's Complaint is that he asserts a medical malpractice claim, but "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."[3] *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *see also Thomas v. Varano*, 532 F.App'x 142, 146 (3d Cir. 2013) (In the context of a deliberate indifference claim based on failure to provide adequate medical treatment, "claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'") (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Because claims of negligence and medical malpractice do not satisfy the constitutional standard under the Eighth Amendment, the Complaint has not "nudged [Plaintiff's] claims" "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (citation and internal quotation marks omitted). Because Plaintiff's allegations do not state a claim under the Constitution, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

---

[3] The Eighth Amendment's prohibition against cruel and unusual punishment obligates prison authorities to provide medical care to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Specifically, inmates must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious. *See Thomas*, 532 F.App'x at 146; *Rouse*, 182 F.3d at 197. Deliberate indifference may be found where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) intentionally delays necessary medical treatment based on a non-medical reason; or (3) deliberately prevents a prisoner from receiving needed medical treatment. *Id.*

4

B.  Amendment

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). However, in this case, nothing in the Complaint suggests that Dr. Shah intentionally refused to surgically correct Plaintiff's hernia, intentionally delayed Plaintiff's hernia surgery for a non-medical reason, or deliberately prevented Plaintiff from receiving appropriate treatment. Accordingly, this Court finds that amendment of Plaintiff's § 1983 medical claim would be futile.[4]

### III.  CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint.

_____
FREDA L. WOLFSON, U.S.D.J.

DATED: ___March 27___, 2014

---

[4] Nothing in this Opinion prevents Plaintiff from pursuing relief on any claims arising under State law in State court. In addition, if Plaintiff believes that he can assert facts which would show deliberate indifference, then he may apply to reopen this case and to file an amended complaint.